IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Alyssa Dowling,       )  Case No. 6:26-cv-02062-JDA
             )
      Plaintiff,   )
             )
  v.          )  **OPINION AND ORDER**
             )
Eric Komitee,       )
             )
      Defendant.  )
_____ )

This matter is before the Court on Plaintiff's Complaint and motion to proceed in forma pauperis and a Report and Recommendation ("Report") of the Magistrate Judge. [Docs. 1; 2; 9.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pre-trial proceedings.

On May 22, 2026, Plaintiff, proceeding pro se, filed this action and moved to proceed in forma pauperis. [Docs. 1; 2.] By Order dated May 27, 2026, Plaintiff was advised of her duty to keep the Court informed of her current address. [Doc. 5 at 3.] The Order was mailed to Plaintiff at the return address provided on the envelope in which Plaintiff sent her Complaint. [Doc. 6.] On June 15, 2026, the order was returned to the Court, marked, "RETURN TO SENDER/NOT DELIVERABLE AS ADDRESSED/UNABLE TO FORWARD." [Doc. 7 at 1.]

On July 13, 2026, the Magistrate Judge issued a Report recommending that the action be dismissed in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. [Doc. 9.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed

to do so.  [*Id.* at 3.]  The Report was mailed to Plaintiff and was subsequently returned to the Court as undeliverable.  [Docs. 10; 11.]  Plaintiff did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error.  Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.  Accordingly, this action is DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Plaintiff's motion to proceed in forma pauperis [Doc. 2] is FOUND AS MOOT.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

August 10, 2026
Greenville, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules

3 and 4 of the Federal Rules of Appellate Procedure.

3